June 14, 1911.

———o———

5202.

(Court of Appeal, Parish of Orleans).

## W. W. CARRE, CO., LTD., vs. A. F. KIERN, ET AL.

Workmen, sub-contractors, material men, etc., acquire no privilege upon the building under construction, unless they make timely service of an attested account upon the owner.

Appeal from the First City Court, Division "C."

Buck, Walshe & Buck, F. W. Magne, for plaintiff and appellant.

J. A. Charbonet and A .D. Danziger, for defendants and appellants.

ST. PAUL, J.—Mrs. Louise Mascaire, the owner of a

lot of ground contracted with A. F. Kiern, a contractor, to erect a building thereon for the sum of $990. The contract being for less than $1,000 she was not obliged to require security from the contractor; but she did, none the less, exact of him a bond for the faithful execution of his contract, and Oscar Krieger became the surety on said bond.

This bond was duly recorded.

It recites on its face that it is understood and agreed that it is given in compliance with the provisions of Act 134 of 1906, and that the provisions of said act shall be part of the obligation "the same as if written in full."

Plaintiff furnished the contractor with certain materials which were used in the construction of the building, but were not paid for.

No attested account was ever served upon the owner.

Plaintiff sued the contractor, the surety and the owner, and there was judgment in its favor against the contractor, but rejecting its demand against the surety and the owner. From this judgment it has appealed.

We have already held that under the provisions of Act 134 of 1906, service of an attested account upon the owner is a condition precedent to a right to recover against the surety or owner.

(**North Birmingham Co. vs. Carey et al, No. 5287** of our docket).

But plaintiff contends that the provisions of that act do not apply to this contract. True, but if plaintiff chooses to avail itself of the bond that was given, though not required, it must abide by that bond **as it is;** and the provisions of that law are made part of the bond "the same as if written in full."

One who seeks to avail himself of the benefits of a contract must rely on it as a whole; he cannot take advantage of that which is in his favor, and disregard or reject

that which is against him. **Qui sentit commodum, sentire debet et onus.**

Plaintiff further urges that in any event it is entitled by the very letter of **Civil Code 3249**, to a privilege upon the property which should be recognized.

But that article must be construed together with Articles 2773 and 2772 of the same code, as they are "**in pari materia.**"

The articles last mentioned show that the privilege granted to workmen, sub-contractors, material-men, etc., exists only by virtue of the subrogation which they obtain to the rights of the main contract effected by the timely service of an attested account.

> **3 An. 504; 6 An. 63; 6 An. 480; 15 An. 325; 25 An. 62; and Brandin vs. Beoubay, No. 5262 of our docket.**

Hence no privilege exists in their favor unless they have made timely service of an attested account upon the owner.

The judgment appealed from is, therefore, correct, and it is, affirmed.

June 14. 1911.

————o————

5331.

(Court of Appeal, Parish of Orleans).